## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAWN BERGERON** | **CIVIL ACTION:** |
| **VERSUS** | **NO.:** |
| **UNITED STATES OF AMERICA, UNITED STATES COAST GUARD, ADMIRAL LINDA L. FAGAN, IN HER CAPACITY AS COMMANDANT, U.S. COAST GUARD, U.S. DEPARTMENT OF HOMELAND SECURITY, HONORABLE ALEJANDRO N. MAYORKAS, IN HIS CAPACITY AS SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and NELSON GASPARD** | |

## **COMPLAINT**

The complaint of Dawn Bergeron, with respect, represents:

## **PARTIES**

1.

Complainant, Dawn Bergeron, is a citizen of the State of Louisiana, of the full age of majority, domiciled in East Baton Rouge Parish.

2.

The United States of America, (for the actions of the agent, servant, and/or employee of the United States Coast Guard), is a sovereign nation amenable to suit in this action pursuant to the Federal Tort Claims Act, hereinafter FTCA. (25 USC § 2671, et seq.)

3.

Upon information and belief, Nelson Gaspard was an employee of the United States Coast

Guard, was operating a vehicle owned by and with the permission of the United States Coast Guard, and acting in the course and scope of his employment at all times pertinent hereto.

4.

Admiral Linda L. Fagan is the Commandant and the official head of the United States Coast Guard, an agency of the United States government.

5.

State Farm Mutual Automobile Insurance Company was uninsured/underinsured motorist carrier of Dawn Bergeron at all times pertinent hereto.

**JURISDICTION AND VENUE**

6.

This Honorable Court has jurisdiction over this case pursuant to 28 USC § 2671, commonly referred to as the Federal Tort Claims Act or FTCA, (hereinafter referred to as FTCA), and 25 USC § 1346 (b).

7.

Venue is appropriate in the Middle District of Louisiana, because it is the place wherein a substantial part of the events or omissions giving rise to this claim occurred, as the motor vehicle collision that is the subject of this case occurred in the Parish of East Baton Rouge, Middle District of Louisiana.

8.

Complainant has exhausted her administrative remedies, as required by 28 USC §2675, in that a claim was filed with the United States Coast Guard on or about August 8, 2022, and

supplemented on December 19, 2022, by filing a Standard Form 95.  As of this date, the United States Coast Guard has not responded.

9.

Service of process on the defendants may be accomplished pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**COUNT 1**
(Negligence – United States of America)

10.

The Standard form 95 along with attachments that was submitted on behalf of complainants is attached hereto and incorporated herein by reference along with its attachments (Exhibit A, in globo).

11.

On the 1st day of September 2021, the complainant, Dawn Bergeron, was driving southbound on North 19th Street in East Baton Rouge Parish.  At approximately the same time, Nelson Gaspard was operating a vehicle owned by and with the permission of the United States Coast Guard.  Suddenly and without warning, Nelson Gaspard disregarded a red traffic signal and crashed the vehicle he was operating into the passenger side of Dawn Bergeron's vehicle.

12.

Nelson Gaspard is believed to be a citizen of the State of Louisiana and domiciled at 14562 Highway 1078, Folsom, Louisiana 70437.

13.

Nelson Gaspard, at all times pertinent hereto, was an employee and in the course and scope of his employment with the United States Coast Guard within the meaning and intent of the FTCA.

As such, the United States Coast Guard is vicariously liable for the damages caused by Nelson Gaspard's negligence.

14.

As a result of the aforementioned accident, Dawn Bergeron suffered bodily injuries including, but not limited to, severe injuries to her neck and back. The aforementioned injuries required physical therapy and medical treatment.

15.

Dawn Bergeron is entitled to just compensation from the defendants for her damages including, but not limited to:

    a. past medical expenses;
    b. future medical expenses;
    c. travel expenses;
    d. physical pain and suffering (past and future);
    e. mental pain and anguish (past and future);
    f. physical impairment & disfigurement;
    g. past lost wages;
    h. future lost wages & earning capacity;
    i. loss of enjoyment of life;
    j. property damage; and
    k. society (companionship, affection, sexual relations); loss of support and services.

16.

The cause of plaintiff's damages was due to the negligence and fault of the defendant, Nelson Gaspard, in the following non-exclusive particulars:

    a. Failure to see what he should have seen under the circumstances;
    b. Failure to use due care when operating a motor vehicle;
    c. Inattention while operating a motor vehicle;
    d. Driving in a careless and reckless manner;
    e. Failure to avoid the collision;
    f. Failure to maintain proper control over his vehicle;
    g. Failure to keep a proper look out;
    h. Failure to stop at a traffic signal;
    i. Disregarding a traffic signal;
    j. Other violations and acts of negligence which will be shown at the

trial of this matter rendering the defendants liable for plaintiff's injuries and damages.

17.

The defendant, U.S. Coast Guard, failed to instruct, train, and/or supervise Nelson Gaspard.

18.

If the defendant were a private person, it would be liable to the plaintiff in accordance with the law of the State of Louisiana.

19.

Based on information and belief, at all times pertinent hereto, State Farm Mutual Automobile Insurance Company insured the vehicle in which plaintiff, Dawn Bergeron, was driving with a policy of uninsured/underinsured motorist coverage, and med-pay insurance.

**PRAYER**

Wherefore, complainant, Dawn Bergeron, prays for judgment in her favor and against the defendants, the United States of America, United States Coast Guard, Admiral Linda L. Fagan, in her capacity as Commandant, U.S. Coast Guard, U.S. Department of Homeland Security, Honorable Alejandro N. Mayorkas, in his capacity as secretary of U.S. Department of Homeland Security, State Farm Mutual Automobile Insurance Company, and Nelson Gaspard in the sum of $250,000.00, plus medical expenses of $18,188.00, for a total of $268,188.00 (personal injury) and costs.

                          **RESPECTFULLY SUBMITTED:**

                          **TYLER & POSSA**
                          *A Professional Law Corporation*

                          By:  **/s/ John L. Tyler**_____
                          John L. Tyler (#19193)
                          Email: jtyler@tylerpossa.com
                          Lindsay Watts Sanchez (#32003)
                          Email: lsanchez@tylerpossa.com
                          3225 Broussard Street
                          Baton Rouge, Louisiana  70808
                          Telephone: (225) 343-8313
                          Facsimile: (225) 344-8353


**PLEASE SERVE:**

The United States of America
Through its agent for service of process:
Merrick B. Garland
United States Attorney General
Office of the Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

United States Attorney's Office
Middle District of Louisiana
Mr. Ronald C. Gathe, Jr.
Russell B. Long Federal Courthouse
777 Florida Street, Suite 208
Baton Rouge, LA    70801

United States Coast Guard
Through:
Admiral Linda L. Fagan
Commandant, U.S. Coast Guard
2100 2nd St., SW STOP 7000
Washington, DC    20593-7000

United States Coast Guard
Through:
Admiral Linda L. Fagan
Commandant, U.S. Coast Guard
2701 Martin Luther King Jr. Avenue SE
Washington, DC   20032

U.S Department of Homeland Security
Through:
Honorable Alejandro N. Mayorkas
Secretary of Homeland Security
Washington, DC   20528

Nelson Gaspard
14562 Highway 1078
Folsom, LA   70437

State Farm Mutual Automobile Insurance Company
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA   70809